Kenneth W. George
P.O. Box 132
Saint Paul Island, Alaska 99660
Phone: (907) 546-2230
kwg6730@yahoo.com

Plaintiff


RECEIVED
JUN 08 2009
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Kenneth W. George, ) | |
| Plaintiff, ) | |
| vs. ) | Case 3:09-cv-00116-JWS |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | **COMPLAINT** |

COMES NOW, the plaintiff, Kenneth W. George, PRO SE, to state and allege the following as his cause of action for his complaint.

## I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq., (the Federal Tort Claims Act) as hereinafter more fully appears.

## II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occured and when the act or omission complained of occured within the District of Alaska and the United States is a defendant.

## III

A Federal Tort Claim was filed with the United States Department of Veterans' Affairs on November 14, 2006. This claim was not administratively denied or resolved by this agency within 6 months and suit is permitted under 28 U.S.C. 2675(a).

## IV

The United States of America is a defendant in this matter in that the Department of Veterans' Affairs is a department of the United States government and is Vicariously liable for acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in this complaint means United States and /or Department of Veterans' Affairs acting through their employees, representatives, contractors and/or agents at the North Little Rock VA Hospital in North Little Rock, Arkansas, and the VA Clinic in Anchorage, Alaska.

## V

All events relevant to this cause of action of this complaint occured in the states of Arkansas and Alaska, at North Little Rock, Arkansas and Anchorage, Alaska.

## VI

During 1994 to September 30, 2000, plaintiff, Kenneth W. George was residing in Donaldson, Arkansas when he would experience alternating periods of increased energy, followed by periods of depression. The VA Hospital at North Little Rock, Arkansas diagnosed him with Bi-Polar Disorder, and medicated him according to the diagnosis. His pyschiatric symptoms worsened with the addition of new medications. He became unable to work in April of 1999, due to the medication load. The plaintiff then moved to the Bethel, Alaska area on October 1, 2000, where the VA Clinic in Anchorage, Alaska, continued the Bi-Polar diagnosis. He was Treated at the Yukon Kuskoquim Health Corparation Hospital's behavioral health clinic on a fee out basis, overseen by the VA Clinic in Anchorage, Alaska, until February of 2005. Mr. George was hospitalized several times throughout this period for psychiatric symptoms.

## VII

In February of 2004, he and his medication manager in Bethel, Alaska suspected some condition other than Bi-Polar Disorder. He asked to be removed from all psychiatric medications, except lithium. His medication manager agreed, that in 1 year if he was doing well, he would be removed from lithium also. In february of 2005, he was removed from lithium, and was correctly diagnosis with Hashimoto's Thyroiditis, at the Pudget Sound VA Medical Center, in Seattle, Washington. On July 26, 2006, at North Little Rock, Arkansas, an employee of the VA Admitted to Mr. George that his thyroid test scores all the way back to 1994 were "blatently off the Charts", and that a thyroid condition should have been suspected from the begining.

## VIII

The defendant, by and through the staff at its hospitals and clinics, owed plaintiff, Kenneth W. George, a duty of care to perform the proper tests, inform him of the possible sources of his medical problem, properly read the results of blood tests done, and by failing to refer him to be properly evaluated and treated for his medical conditions. Defendant breached this duty by failing to warn Kenneth W. George of his condition, by failing to refer him to other medical professioals to evaluate and treat his condition, by misdiagnosing his condition, and by failing to perform tests to determine if he had a thyroid condition.

## IX

The defendant, through its employees and representatives, also owed a duty to the plaintiff to have knowledge and expertise to perform procedures, interpret blood tests, and provide proper diagnoses without causing injuries to the plaintiff. The care they provided to the plaintiff was below acceptable medical standards of care. The defendant failed to properly treat, evaluate, and diagnose the plaintiff's condition. The plaintiff relied on defendant's warranties and representatives as to his condition in his injuries and damages set forth in paragraph X of this complaint.

## X

As a direct and proximate result of the defendant's breach of care, negligence, and medical malpractice, the plaintiff incurred the following damages:

1. Additional medical expenses to treat plaintiff's thyroid condition;
2. Lost wages;
3. Emotional and physical pain and suffering in the past, present, and future;
4. Loss of enjoyment of life and loss of full use by Kenneth George of his body;
5. Physical impairment;
6. Grief, fear, and anxiety; and
7. Other damages to be proven at trial.

Case 3:09-cv-00116-JWS   Document 1   Filed 06/08/09   Page 4 of 5

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amount originally claimed in the administrative claims process;

2. Costs and fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 8th day of June, 2009.

By: Kenneth W. George   6-8-09
Plaintiff
P.O. Box 132
Saint Paul Island, Alaska 99660
Phone: (907) 546-2230
kwg6730@yahoo.com